# IN THE COURT OF APPEALS OF IOWA

No. 15-0242
Filed January 13, 2016

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RICKY EDWARD KIRK JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows (plea) and Henry W. Latham II (sentencing), Judges.

The defendant challenges his convictions and sentences for possession of a controlled substance and interference with official acts. **AFFIRMED.**

Mark J. Neary of Neary Law Office, Muscatine, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Kelli Huser, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

The defendant Ricky Kirk Jr., was charged by trial information with possession of a controlled substance with intent to deliver and interference with official acts resulting in serious injury, in violation of Iowa Code sections 124.401(1)(d), 124.204(4)(m), 703.1, and 719.1(1) (2013), respectively. He pleaded guilty to possession of a controlled substance (third offense) and pleaded guilty by way of written guilty plea to "Interference with Official Acts Resulting in a Serious Injury, an aggravated misdemeanor." Kirk was sentenced to a term of incarceration not to exceed five years for the possession charge and two years on the interference charge, said sentences to be served concurrent with each other.

Kirk challenges his guilty pleas. Kirk first contends his plea to possession of a controlled substance (third offense) was impermissible because the offense is not a lesser-included offense of possession of a controlled substance with intent to deliver. Kirk next challenges the factual basis supporting his guilty plea to interference with official acts resulting in serious injury. Specifically, he contends there is not a factual basis to support the element of serious injury. Finally, Kirk contends his plea was unknowing because of several procedural irregularities.

We conclude the defendant failed to preserve error on any of his claims. "Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal." *State v. Meron*, 675 N.W .2d 537, 540 (Iowa 2004); see Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge

the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Kirk did not file a motion in arrest of judgment. Kirk does not contend that any exception to the general rule is applicable here. Nor does Kirk assert a claim of ineffective assistance of counsel, which would allow review of his claim within that rubric. In Kirk's statement regarding error preservation, he states: "Defendant/Appellant filed his appeal of this matter in a timely manner. Iowa Rule App. P. 6.101(1). (Notice of Appeal)." While attorneys frequently state that filing notice of appeal preserves error, it is an incorrect statement of law. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) ("However error is preserved, it is not preserved by filing a notice of appeal. While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation.").

**AFFIRMED.**